UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2012 JUL 10  A 10: 10

U.S. DISTRICT COURT
BRIDGEPORT, CONN

RAYMOND CERILLI

PRISONER

v.                                          CASE NO. 3:11CV1822 (SRU)

LEO ARNONE, ET AL.

### RULING AND ORDER

The plaintiff, Raymond Cerilli ("Cerilli"), is currently incarcerated in the MacDougall Correctional Institution ("MacDougall") in Suffield, Connecticut. He brings this civil rights action *pro se*. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Cerilli has also filed motions for leave to file first and second supplemental complaint and for a copy of the complaint. For the reasons set forth below, the motions to file supplemental complaints are granted, but the motions for leave to proceed *in forma pauperis* and for a copy of the complaint are denied.

**I.   Motions to File Supplemental Complaints [Docs. Nos. 6, 11]**

Cerilli seeks leave to file a first and a second supplemental complaint to add claims and defendants relating to problems with mail delivery and the alleged failure of some individuals to comply with or facilitate a settlement agreement that was approved in *Cerilli v. Rell, et al.*, Case No. 3:08cv242 (SRU). Most of the defendants whom Cerilli seeks to add were listed as John or Jane Does in the complaint. Thus, Cerilli has informed the court that

he has learned their names and seeks to substitute the named individuals for the defendants. The motions to file supplemental complaints are granted.

## II. Application for Leave to Proceed In Forma Pauperis [Doc. No. 2]

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This provision requires the denial of Cerilli's application to proceed *in forma pauperis* in this case. Cerilli previously has had over three cases dismissed *sua sponte* as frivolous. *See, e.g., Cerilli v. Meachum, et al.*, Case No. 3:95cv113 (DJS) (dismissed January 19, 1995); *Cerilli v. State of Connecticut, et al.*, Case No. 3:98cv1370 (AHN) (dismissed June 16, 1999); *Cerilli v. Williams*, Case No. 3:98cv1703 (DJS) (dismissed February 26, 1999); *Cerilli v. State of Connecticut, et al.*, Case No. 3:99cv1058 (GLG) (dismissed October 14, 1999). Because at least three of Cerilli's

complaints that were filed *in forma pauperis* have been dismissed as frivolous, Cerilli may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury." See *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").

A thorough review of Cerilli's complaint and supplemental complaints reveals no such allegations. Cerilli alleges that some of the defendants have failed to comply with the terms of the settlement agreement entered in *Cerilli v. Rell, et al.*, Case No. 3:08cv242 (SRU). Cerilli complains that he was scheduled to be seen by Dr. Maurer in November 2011, but there was an issue with the power supply to the prison and the consultation did not take place on that day. If Cerilli has complaints regarding the terms of the settlement agreement and the defendants' compliance with those terms, he should file a motion in that action.

Cerilli generally complains that his medication has not been re-ordered in a timely manner and that a Dr. Naqui has changed his diet restrictions. The exhibits attached to his complaint and supplemental complaints, however, show that medical personnel have responded to the numerous requests and grievances he has filed regarding his medical treatment. In addition, the attachments reflect that on October 19, 2011, Dr. Naqui ordered that Cerilli be placed on a low-fat, low-cholesterol and low-sodium diet for six months. The diet pass issued by the MacDougall Kitchen staff

describes the diet as Low-Fat/Cholesterol. Cerilli does not allege that he has made any effort to correct this discrepancy with the Kitchen staff at MacDougall.

Cerilli claims that he has lumps on his hands and suspects the water or food at MacDougall is causing them. The medical department has responded to Cerilli's requests to see a physician regarding that condition and the physician recommended that Cerilli undergo testing to determine the nature of the lumps. In addition, the court notes that, despite those lumps, Cerilli has typed up a number of documents that he has recently filed in this case. Thus, it is apparent that the lumps have not impeded his ability to write or use a typewriter. The court concludes that Cerilli has not alleged that he is in imminent danger of serious physical injury. Accordingly, the application to proceed *in forma pauperis* is denied.

### III. Motions for a Copy of the Complaint [Docs. Nos. 4, 10]

Cerilli claims that prison officials at MacDougall have confiscated all of his copies of the complaint. He seeks a free copy of the complaint. The complaint, including exhibits, is 272 pages in length. The cost of copying the complaint would be $136.00.

The court has denied Cerilli leave to proceed *in forma pauperis* in this action. Even if the court had granted Cerilli leave to proceed *in forma pauperis*, he would not be automatically entitled to free copies of documents or rulings. See *Collins v.*

4

*Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) ("inmate[s] ha[ve] no constitutional right to free [photo]copies"); *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), *cert. denied*, 514 U.S. 1118 (1995); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give the [prisoner] litigant a right to have documents copied and returned to him at government expense"); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) (28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).

Cerilli's request for a free copy of the complaint is denied. If Cerilli seeks a copy of the complaint, he may send a letter to the Clerk accompanied by a check or money order payable to the Clerk of Court in the amount of $136.00. Any letter to the Clerk should be addressed to the United States District Court for the District of Connecticut, Office of the Clerk, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. If Cerilli cannot afford the copying charge, he may file a renewed motion with the court identifying the document he seeks to have copied and the reasons the copy is needed. The motion must be accompanied by a copy of his inmate account balance to demonstrate his inability to pay for the copy.

## Conclusion

For the reasons stated above, the Motions to File Supplemental Complaints [**Docs. Nos. 6, 11**] are **GRANTED**. The Application to Proceed *In Forma Pauperis* [**Doc. No. 2**] is **DENIED**. The Motions for a Copy of the Complaint [**Docs. Nos. 4, 10**] are **DENIED**. If Cerilli seeks a copy of the complaint, he may send a letter to the Clerk accompanied by a check or money order payable to the Clerk of Court in the amount of $136.00. Any letter to the Clerk should be addressed to the United States District Court for the District of Connecticut, Office of the Clerk, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. If Cerilli cannot afford the copying charge, he may file a renewed motion with the court identifying the document he seeks to have copied and the reasons the copy is needed. The motion must be accompanied by a copy of his inmate account balance to demonstrate his inability to pay for the copy.

All further proceedings in this matter shall be held in abeyance for **twenty (20) days** pending Cerilli's delivery of the filing fee in the amount of $350.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee within twenty days of the date of this Order will result in the dismissal of this action.

**SO ORDERED** this 9th day of July, 2012, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill, USDJ

Stefan R. Underhill
United States District Judge